Henry W. SKINNER, Plaintiff–
Appellant,

v.

Lynn SWITZER, District Attorney
for the 31st Judicial District of
Texas, Defendant–Appellee.

No. 10–70002.

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 2010.

Robert Charles Owen, Esq., Owen &
Rountree, L.L.P., Austin, TX, Douglas
George Robinson, Skadden, Arps, Slate,
Meagher & Flom, L.L.P., Washington,
DC, for Plaintiff–Appellant.

Mark D. White, Sprouse Shrader Smith,
P.C., Amarillo, TX, for Defendant–Appel-
lee.

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM: *

Henry Skinner, convicted of capital
murder and sentenced to death,[1] is ap-
pealing the dismissal of his complaint un-
der 42 U.S.C. § 1983 in which he asserts
that the defendant district attorney's re-
fusal to allow him access to biological evi-
dence for purposes of forensic DNA test-

---

* Pursuant to 5TH CIR R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1. See Skinner v. Quarterman, 576 F.3d 214
(5th Cir.2009), petition for cert. filed (Nov. 23,
2009) (No. 09–7784).

ing violates his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment. The district court adopted the report and recommendation of the magistrate judge and granted defendant's motion to dismiss. This court affirmed on the basis of binding circuit precedent. *Skinner v. Switzer,* 363 Fed.Appx. 302, 303, 2010 WL 338018, at *1 (5th Cir.2010) (per curiam) (citing *Kutzner v. Montgomery County,* 303 F.3d 339 (5th Cir.2002), as binding and *Richards v. District Attorney's Office,* 355 Fed. Appx. 826 (5th Cir.2009) (per curiam) (unpublished), as persuasive).

Execution is set for February 24, 2010. On February 1, 2010, Skinner moved in the district court for a stay of execution pending appeal. On February 2, the district court dismissed the motion for want of jurisdiction.

Skinner moves this court for an injunction prohibiting the Texas Department of Criminal Justice from executing him until all appeals have been resolved. He acknowledges that the position he is taking is "squarely foreclosed in this circuit by *Kutzner*" and "that, according to longstanding precedent and practice of this Court, stays will not be granted for purposes of seeking relief from the Supreme Court on an issue as to which Fifth Circuit law is settled against the appellant, even when the Supreme Court has already granted certiorari on the same issue in another case" (citing *Kelly v. Quarterman,* 296 F. App'x 381, 382 (5th Cir.), *cert. denied,* — U.S. —, 129 S.Ct. 444, 172 L.Ed.2d 324 (2008)). Skinner relies on the fact that the Supreme Court granted *certiorari* on the issue, but ultimately did not decide it, in *District Attorney's Office v. Osborne,* — U.S. —, 129 S.Ct. 2308, 174 L.Ed.2d 38 (2009).

Skinner candidly "recognizes that it is unlikely that this Court will issue the stay requested by this Motion." He properly raises the issue here, nonetheless, to preserve it for possible Supreme Court consideration, citing SUPREME COURT RULE 23.

The motion, whether treated as a motion for stay of execution or a motion for injunction, is DENIED. The mandate has already issued.